IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOISES AGUILERA,

                      Petitioner,                  Case No. 4:13 CV 513

      -vs-

                                                   MEMORANDUM OPINION

FEDERAL BUREAU OF PRISONS, et al.,

                      Respondents.

KATZ, J.

**I. Discussion**

      This matter involves *pro se* Petitioner Moises Aguilera's petition for a writ of habeas corpus, which contends that Respondents, the Federal Bureau of Prisons and Warden Michael Pugh, infringed Aguilera's constitutional rights by denying him admission to a 500 hour Residential Drug Abuse Program ("RDAP").  Respondents filed a motion to dismiss the petition. Aguilera did not respond to Respondents' motion, and Magistrate Judge George Limbert subsequently issued a Report & Recommendation on August 8, 2013 recommending that this Court grant the motion and dismiss the petition.  Aguilera has not objected to Magistrate Judge Limbert's R&R.

      A party who wishes to object to a Report & Recommendation's proposed findings in a federal habeas matter must do so within fourteen days.  R. Governing Sec. 2255 Proceedings § 8(b); N.D. Ohio Civ. R. 72.3(b).  Failure to so object constitutes a waiver of subsequent review. N.D. Ohio Civ. R. 72.3(b); *Bozsik v. Bagley*, No. 1:03-cv-1625, 2011 WL 4629023, at *6 (N.D. Ohio Sept. 30, 2011) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Accordingly,

Aguilera has waived this Court's review of Magistrate Limbert's R&R, and the Court therefore adopts the R&R and dismisses Aguillara's habeas petition.

## II. Conclusion

For the reasons stated herein, Respondents' motion to dismiss Aguilera's petition for a writ of habeas corpus is granted, (Doc. 9), and Aguilera's petition is dismissed.

Further, the Court certifies that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (explaining § 1915(a)(3)'s "Good Faith Certification"), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Moreover, the Court denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (explaining certificate of appealability standard); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001) (citing *id*.) (same).

Case Closed.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE